24   325
118   183

### No. 2800.—W. W. Hill *v.* Ober Atwater & Co.

A promise to pay the debt of another must be in writing. Two partners engaged in the planting business, are both bound to the merchant who furnishes them with supplies to make the crop for one-half their cost.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. J. Hawkins,* for plaintiff and appellee. *Given Campbell,* for defendants and appellants.

Howe, J. Plaintiff brought suit for a balance alleged to be due him from defendants for proceeds of ten bales of cotton, shipped by him to them in October, 1868.

Defendants filed a general denial, and afterwards a supplemental answer, setting up the existence of a planting partnership in 1866 and 1867 between the plaintiff and G. H. Dunn, the furnishing of supplies thereto by defendants to the amount of $557 54, the assumption of the whole of this debt by plaintiff and the appropriation by his authorization of the proceeds of the ten bales in question to the payment of this account. They admit a balance due of $72 15.

After examining the pleadings and evidence as a whole, we are satisfied that the defense has been established as to the half of the supplies furnished the plantation in which plaintiff had an interest with Dunn. But we cannot hold him bound for any assumption of the virile share of Dunn, for which he was not bound as a partner, because there is no written proof of this, his alleged promise, to pay the debt of another. 23 An. 747. His allusion to it in a letter is not clearly a promise. He speaks there of an understanding that he should settle the bill, wishes

to have a copy of it, and says that after he receives it he will tell defendants what he "will do." In his next letter he complains that the bill thus rendered is incorrect. He never finally told the defendants or any one else in writing what he would do. Charging him with one-half the supplies to Tally Place, the judgdment would be for $350 32, with interest from date of sale.

It is therefore ordered that the judgment appealed from be reduced to the sum of three hundred and fifty dollars and thirty-two cents, with interest from November 6, 1868, and costs of lower court; and that plaintiff pay costs of appeal.